UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

**BLAKE WARNER,**

    **Plaintiff,**

v.                                CASE NO.: 8:20-CV-03093-MSS-AEP

**CORSON REALTY GROUP, INC.
d/b/a BAY RIDGE PROPERTY
MANAGEMENT; MALLORY SQUARE
CONDOMINIUM ASSOCIATION OF
TAMPA, INC., and ANTONIO
RUGGIERI**

    **Defendants.**

_____/

**PRELIMINARY INJUNCTION**

    **THIS CAUSE** came before the Court for consideration of the Motion for Preliminary Injunction and supporting Memorandum filed by Plaintiff Blake Warner ("Warner"), (Dkts. 11, 12), and the responses in opposition filed by Defendants Corson Realty Group, Inc. d/b/a Bay Ridge Property Management ("Corson") and Mallory Square Condominium Association of Tampa, Inc. ("Mallory"), (Dkt. 35), and Defendant Antonio Ruggieri ("Ruggieri"). (Dkt. 43) On February 18, 2021, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. Also pending before the Court and considered during the hearing were Plaintiff's Motion in Limine, (Dkt. 55), Plaintiff's Motion for Leave to File Reply to Defendant's Response in

1

Opposition to Plaintiff's Motion in Limine, (Dkt. 60), Defendants' Motion for Leave to Admit Redacted Evidence, (Dkt. 62), Plaintiff's Motion to Strike Defendant's Motion for Leave to Admit Redacted Evidence, (Dkt. 64); Plaintiff's Motion for Leave to File Supplemental Witness List, (Dkt. 65), and Plaintiff's [Second] Motion for Leave to File Supplemental Witness List. (Dkt. 66) Upon consideration of the written submissions and exhibits of the Parties and their oral arguments, and for the reasons announced on the record at the hearing, the Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this case, and the Parties and venue in this district is proper as Defendants are all located in or have transacted business within the Middle District of Florida.

2. Although the Defendants have not admitted to liability as to the causes of action in the Complaint, the Court finds based on the record before it that Warner has met his burden for the issuance of a preliminary injunction pursuant to the Federal Rules of Civil Procedure, as follows:

    a. Plaintiff has established a likelihood of success on the merits of his federal and state Fair Housing Act retaliation claims asserted under 42 U.S.C. § 3617 and Fla. Stat § 760.37. Specifically, Plaintiff has demonstrated a substantial likelihood that:

        i. Warner was engaged in protected activity when he sent numerous emails to Defendants complaining that they were violating his rights under the Fair Housing Act by discriminating against him based on his race, disability, and familial status.

ii. Defendants Mallory and Corson took adverse action against Plaintiff by directly causing or attempting to cause a denial of Plaintiff's lease renewal through their communications with Ruggieri and by attempting to block Plaintiff from leasing another unit in the complex. Ruggieri has conceded that he would have renewed the lease with Warner absent Defendants Mallory and Corson's interference.

iii. Defendants Mallory and Corson took adverse action in retaliation for Plaintiff's having engaged in protected activity. Specifically, there is a close temporal proximity between Warner's numerous complaints and Defendants' interference with his lease renewal. The asserted legitimate reason for Defendants' interference—that Warner was stalking or harassing female residents in the building—appears to be entirely pretextual on this record. Warner presented evidence that the allegations of stalking and harassment are baseless and suspect in light of the close personal relationship between the President of Mallory and each of the complainants, and Defendants concede that they made no efforts whatsoever to investigate the veracity of the allegations. Moreover, the admittedly informal and secretive process by which the decision to interfere with Warner's lease renewal was made by Corson and Mallory further

3

      suggests that Defendants' proffered reasons are pretextual. Additionally, the President of Mallory admitted that he believed, oddly, that it is legal to retaliate against an individual who is engaged in protected activity under the Fair Housing Act.

b. Plaintiff has demonstrated that he will suffer irreparable harm should the Court not enjoin Defendants from engaging in this conduct for the pendency of this litigation through the loss of his home and the threat of eviction. Defendants Mallory and Corson have conceded that their conduct is ongoing, and that they would attempt to pursue eviction should Ruggieri renew the lease with Warner. In any event, there is a rebuttable presumption of irreparable injury raised by a showing of a substantial likelihood that illegal housing discrimination has occurred. Gresham v. Windrush Partners, Ltd., 730 F.2d 1417, 1423–24 (11th Cir. 1984). Defendants did not rebut the presumption.

c. The injury to Warner that will follow if injunctive relief is not granted and Defendants continue to interfere with Warner's housing rights outweighs any harm Defendants might suffer if it is granted.

d. Granting preliminary injunctive relief in this case will serve the public interest. Because of the strong national policy against housing discrimination and retaliation, enjoining Defendants from interfering with Warner and Ruggieri's right to contract during the pendency of this litigation would not be adverse to the public interest.

3. Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil Procedure 65.

**IT IS THEREFORE ORDERED** as follows:

1. Plaintiff's Motion for Preliminary Injunction, (Dkt. 11), is **GRANTED as stated herein.** Defendants Mallory and Corson, and anyone acting on their behalf, are *immediately* enjoined from directly or indirectly interfering with any lease renewal between Warner and Ruggieri or otherwise interfering with Warner's continued occupation of his unit of until final determination of the present action, unless this injunction is dissolved or modified by order of this Court.

2. Plaintiff's Motion in Limine, (Dkt. 55), is **DENIED**.

3. Plaintiff's Motion for Leave to File Reply to Defendant's Response in Opposition to Plaintiff's Motion in Limine, (Dkt. 60), is **DENIED**.

4. Defendants' Motion for Leave to Admit Redacted Evidence, (Dkt. 62), is **DENIED AS MOOT**, in light of Defendants' having provided Plaintiff with the unredacted evidence.

5. Plaintiff's Motion to Strike Defendant's Motion for Leave to Admit Redacted Evidence, (Dkt. 64), is **DENIED**.

6. Plaintiff's Motion for Leave to File Supplemental Witness List, (Dkt. 65), is **DENIED**.

7. Plaintiff's [Second] Motion for Leave to File Supplemental Witness List, (Dkt. 66), is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, on this 8th day of March, 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies Furnished to:**
Counsel of Record
Any Unrepresented Parties